# United States Court of Appeals
## For the First Circuit

No. 20-1807

JERMAINE ST. AUBYN ROBINSON,

Petitioner,

v.

MERRICK B. GARLAND,[*] Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Kayatta, Thompson, and Gelpí,
Circuit Judges.

James R. Tewhey on brief for petitioner.
Brian Boynton, Acting Assistant Attorney General, Civil Division, Paul Fiorino, Senior Litigation Counsel, and Kevin J. Conway, Trial Attorney, on brief for respondent.

December 28, 2022

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Merrick B. Garland has been substituted for former Attorney General William P. Barr.

**KAYATTA**, <u>Circuit Judge</u>.  Petitioner Jermaine St. Aubyn Robinson concedes that, unless he is a citizen of the United States through derivative citizenship, he is removable as an alien who has been convicted of an aggravated felony.  Because we determine that Robinson has not generated a genuine issue of material fact supporting his claim of derivative citizenship, we deny his petition for review.

## I.

Briefly, we recite the following undisputed facts. Robinson was born in Jamaica in 1982 and was admitted to the United States in March 1994.  On February 26, 2018, Robinson was convicted in Massachusetts state court of possession with intent to distribute a Class B controlled substance (cocaine).  The United States initiated removal proceedings against Robinson in 2019 based on this conviction.  During an August 2019 hearing before an Immigration Judge, Robinson argued that he was a U.S. citizen because his mother, Novlett Robinson ("Novlett"), became a naturalized citizen in 1998 or 1999, before Robinson reached the age of eighteen.  This contention conflicted with a birth certificate produced by the government that listed Conrad Robinson ("Conrad"), a native of Jamaica who became a naturalized U.S. citizen in 2014, and Yvonne Richards ("Yvonne"), a citizen of Jamaica, as Robinson's parents.  Robinson explained that he did not know Yvonne and had always believed Novlett to be his

"biological mother."[1]  However, Robinson was unable to provide any competent proof to support his claim that Novlett was his biological mother.

During a second hearing in September 2019, he conceded through counsel that "derivative citizenship is not a possibility."  In January 2020, Robinson accepted an order of removal from the Immigration Judge (IJ) and waived appeal to the Board of Immigration Appeals (BIA).  Robinson subsequently filed a pro se appeal to the BIA claiming derivative U.S. citizenship based on his assertion that Novlett was his biological mother. Robinson's appeal was based on a different birth certificate that he obtained from the Jamaican Embassy listing his mother as Novlett.[2]  The BIA dismissed Robinson's appeal on July 16, 2020, after finding that the IJ's decision became administratively final upon Robinson's January 2020 waiver of appeal.  Robinson timely petitioned this court for review of the BIA's decision based on the assertion that he is a U.S. citizen and, thus, that he cannot be deported.

---

[1]  We use the term "biological mother" only because both Robinson and the government frame the issue here as whether Novlett or Yvonne was Robinson's biological mother.

[2]  The government asks that we not consider the second birth certificate because it was not included in the administrative record.  However, our consideration of a claim of citizenship is not limited to the administrative record.  See, e.g., Thompson v. Lynch, 808 F.3d 939, 942 (1st Cir. 2015); Batista v. Ashcroft, 270 F.3d 8, 13 (1st Cir. 2001).

This court has jurisdiction to determine whether there is a "genuine issue of material fact" that, if resolved in Robinson's favor, would support a finding that he is a U.S. citizen. 8 U.S.C. § 1252(b)(5)(A), (B); Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001). And the government does not assert that Robinson's failure to exhaust his claim with a timely appeal to the BIA precludes us from making such a determination. See Rivera v. Ashcroft, 394 F.3d 1129, 113637 (9th Cir. 2005) (rejecting contention that one can relinquish citizenship by failing to appeal a deportation order), superseded by statute on other grounds, REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), as recognized in Iasu v. Smith, 511 F.3d 881, 886 (9th Cir. 2007).

Both Robinson and the government agree that 8 U.S.C. § 1432, the statute in effect when Robinson was a minor, governs Robinson's claim to derivative U.S. citizenship. Pursuant to this statute and as relevant to Robinson's petition, a child born outside of the United States automatically becomes a citizen if one of the below conditions is satisfied while the child is unmarried and under the age of eighteen:

> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or

> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation.

8 U.S.C. § 1432(a) (1999), repealed by Child Citizenship Act of 2000, Pub. L. No. 106-395, § 103(a), 114 Stat. 1631. Robinson contends that he is eligible for derivative citizenship because he entered the U.S. as a minor child, his biological mother (who he claims is Novlett) became a naturalized U.S. citizen prior to his eighteenth birthday, and he is (and was) unmarried. Robinson does not specify which provision of section 1432(a) he purports to satisfy.

As the government explains, Robinson has not established a claim to derivative U.S. citizenship under any of the three provisions of section 1432(a). First, Robinson cannot be eligible under section 1432(a)(1) because, even if Novlett is his mother and even if she was naturalized before he turned eighteen, his father, Conrad, was not naturalized until after Robinson turned eighteen. Second, Robinson cannot be eligible under section 1432(a)(2) because he has neither argued nor provided evidence that would support a finding that Conrad is deceased, let alone that he was deceased before Robinson turned eighteen. Finally, Robinson cannot be eligible under section 1432(a)(3) because he did not argue or provide evidence that would support a finding

that "there has been a legal separation of [his] parents" or that he "was born out of wedlock and [his] paternity . . . has not been established by legitimation." § 1432(a)(3). Thus, Robinson fails to generate a genuine issue of material fact that, if resolved in his favor, would support a finding of derivative citizenship.

## III.

For the foregoing reasons, we <u>deny</u> Robinson's petition for review.